Avery, J.
' The original action was assumpsit, commenced in the court of common pleas of Fayette county, by Willis against Coil. His declaration contained several special counts, together with the common counts. The first is, in substance, that on the 1st of October, 1847, he agreed to buy of Coil, who was defendant in the original suit, 10,000 bushels of corn, upon the following terms, that is to say: the corn to be delivered to the plaintiff in the shock, in the fields of the defendant’s farm in Fayette county, to be fed to the cattle of the plaintiff on the said farm, the defendant to assign certain lots on the farm, in which the cattle were to be kept, and the corn was to be fed to them, and the corn was to be delivered to the ] laintiff in the field in shocks, at the usual time for commencing to feed *29 cattle, for the purpose of fattening them for the market; the plaintiff to have the use of certain lots of ground for the purpose contemplated, till the 10,000 bushels of corn were consumed by his cattle, and to pay the defendant eleven cents a bushel for the corn at the time of delivery. The quantity of 10,000 bushels was to be ascertained by averaging the corn in the shocks as they were standing in the fields. There were, the averments, amongst others, that the defendant promised to deliver the corn at the time and place, and in the manner specified in the contract, and to furnish the lots for the purpose stated ; of the plaintiff’s offer to perform the contract according to its terms, and the defendant’s refusal on his part to comply. The cause of action is the same, though stated with variations, in the different counts.
On the trial in the court of common pleas, upon the general issue, judgment was given for the plaintiff. The defendant filed his bill of exceptions, and took out his writ of error. The case in error was heard by the Supreme Court at the April term last, in Eayette county, when the judgment of the common pleas was affirmed ; and the present suit is prosecuted to reverse the judgment of the Supreme Court.
At the trial in the common pleas, where the case was submitted to the court without a jury, testimony in behalf of the plaintiff was given by a witness of the name of John Hays, though an objection was taken to his admissibility by the defendant, on the ground of his being a partner of the plaintiff. The defendant also objected to the further progress of the trial, because a partner who ought to have been made a plaintiff, was not joined ; and further, after the evidence in chief of the plaintiff closed, the defendant moved the court to overrule the evidence as to the special counts. In the three particulars specified, the court decided adversely to the claim of the defendant; and the only questions which require to be noticed in the case, will be the correctness of the ruling upon each of these points. The two first errors alleged present for determination only a question of fact, viz: whether the first named witness, Hays, .was a *30 partner of the plaintiff. The deposition of John Law is made a part of the bill of exceptions, and relied upon by the defendant to establish the fact of partnership. This deposition has been critically examined by the counsel, with a view to-discover in its various details enough to support the conclusion drawn by him, that Hays was a partner of the plaintiff. The court of common pleas on the trial decided that Hays was not a partner of the plaintiff at the date of the contract in the declaration set out; and if the record before us contains a statement that the only evidence upon which they founded that judgment was the deposition of Law, then we shall be called upon to examine also the same deposition. But if from the face of the record it appears that other evidence upon the same subject may have been before that court, it will be of no use to look into the deposition, because we cannot say that we have all the proof. We never presume that the court committed an error ; the record must show it affirmatively. The bill of exceptions touching this point is as follows: “ Upon the trial of the above cause the plaintiff, in order to support his action, offered as a witness John Hays, who was the most material witness in the cause, to whose admissibility as such witness the defendant objected, for the reason that the said witness and the said plaintiff were in partnership in the subject matters of said suit, and that being such partner he could not be a witness, nor could the action be sustained on the ground of its being in the name of Willis alone ; and to show that said Hays was such partner the defendant relied upon the evidence as contained in the deposition of John Law, taken in the cause by the said plaintiff, which deposition is -referred to as containing said evidence, and made a part of this bill of exceptions for that purpose; but the court, after examining said deposition so as aforesaid relied upon by said defendant, was of opinion that said Hays was not a partner at the time of contract, admitted said Hays to execute a release of his present interest in this suit, and then permitted said suit to progress and the said Hays to give testimony.” There is here no statement that this deposition was all the evidence given *31 as to the competency of Hays. Such a statement, if the facts were so, ought to have been distinctly made, or such language used as would be equivalent to it. It is set forth that the defendant relied upon the evidence in the deposition, and that the court, after examining the deposition, was of opinion that Hays was not a partner. This court may think it probable that there was not any other evidence. But that is not sufficient. And taking such a view of this bill of exceptions, the judgment cannot be reversed upon any interpretation that may be given of that deposition.
The second exception taken to the ruling of the court must. necessarily fail with the first. The only question there raised is also as to the fact of partnership, and if the court did not err in refusing to exclude the witness for incompetency, it could not have erred in refusing a non-suit; if the witness was not found to be a partner, there was no error in omitting to join him as a plaintiff in the action.
The 'third and' only remaining cause for reversing the judgment requiring attention is, that the court did not overrule the evidence as to the special counts, because no evidence had been given as to the time, place or manner of payment. The answer of the common pleas was that “ the intendment of law satisfied the allegation as to time and place of payment.” It seems to us very clearly that there was no error in this decision. The contract is for the sale of 10,000 bushels of corn, and in the absence of an express stipulation to the contrary, the law itself fixes the time, place and manner of payment; the property purchased must be paid for on delivery and in money.

Judgment affirmed.